BENJAMIN IRROY and others *v.* JOSEPH NATHAN.

A defendant in the Marine Court is not, as a matter of right, entitled to more than one adjournment, on the ground that he cannot safely proceed to trial for the want of a material witness.  (2 Rev. Laws, p. 387, § 127.)

A motion to adjourn, for the want of material evidence, may properly be denied, when founded upon an affidavit which is not entitled, and which also fails to show in the body of the affidavit, either by naming the parties, or otherwise, in what action the same is made.

The Marine Court may exercise a discretion in respect to adjournments for such a cause, and may impose terms.  (Sess. Laws of 1852, p. 649, § 11.)

Accordingly, as a condition of granting an adjournment, the justice may require the party to disclose what it is intended to prove by the absent witness.

APPEAL by the defendant from the Marine Court, upon the ground stated in the opinion.

*Jacob I. Radcliffe* and *David P. Whedon,* for the defendant.

*William W. Niles* and *S. V. Bagley,* for the plaintiffs.

BY THE COURT.  INGRAHAM, FIRST J.—The only ground of appeal alleged in the notice is, that the justice erred in not granting an adjournment to the defendant, upon his affidavit of the absence of a material witness.

1. The affidavit was defective in not being entitled properly, or in not stating in the body of it the action in which the witness was required.  It was so uncertain in consequence of such defect, that it would have been erroneous to have granted an adjournment upon it.  No perjury could have been charged upon it if false, for want of such designation of the cause.

2. The judge had good reason to doubt the *bona fides* of the application, when the defendant had shortly before, on the call of the calendar, answered that he was ready for trial;

and afterwards moved to put the cause off on an affidavit that he had been unable to find the witness since the issue was joined, twelve days previous.

The defendant was not entitled, as a matter of right, to an adjournment, without giving security, as there had been adjournments previously on his request for ten days.   (2 R. L. p. 387, § 127.)

By the act of 1852, p. 649, § 11, the justice is authorized, in his discretion, to grant an adjournment for want of some material evidence, upon such terms as he may deem proper.
·   If he doubts the good faith of the application, that discretion is properly exercised in refusing it; and in the return, the justice states that to be the reason of his refusal.

Or if, as I understand the return in this case, he required the defendant to disclose what he wanted to prove by the witness and the party refused, the justice was fully warranted in denying the motion.   He had a right to impose terms, and the refusal to disclose was a refusal to comply with terms that the justice might impose.

There is no ground for an interference.

Judgment affirmed.